UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES L. WRIGHT,

    PLAINTIFF

V.                                  Case No. 8:10 CV 986 23 AEP

BANK OF AMERICA Inc, &
CHARITY KARAKAS, BRIAN
T. MOYNIHAN, ED O'KEEFE,
& PAUL DRESSELHAUS, ETAL.

    DEFENDANTS.
_____/

## COMPLAINT FOR FRAUD, FEDERAL STATUTE VIOLATION & RICO VIOLATION

NOW COMES, JAMES L. WRIGHT, PLAINTIFF IN THE CITED CAUSE OF ACTION, Residing at 7103 Daggett Terrace, New Port Richey, Florida 34655, Pasco County, Florida United States of America. Defendants to this action are The Bank of America Inc., Charity Karakas, Brian T. Moynihan, Ed O'Keefe, Paul Dresselhaus employed at Bank of America Inc., 100 North Tryon Street, Charlotte, NC 28255-0001, United States of America, & Bank of America Inc. 101 E. Kennedy Blvd., Tampa, Florida, United States of America.



1

Plaintiff avers that the above named persons and Bank of America Inc., committed fraud and illegal taking of money from the Plaintiff through the mail, and violated Federal Statute, (National Flood Insurance Act), and that these acts took place in New Port Richey, Florida, and that the Bank of America has a principal place of business in Tampa, Florida, and the State of Florida.

## STATEMENT OF JURISDICTION

The Honorable Court has jurisdiction under 28 USC 1331, "Federal Question the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The claim is cognizable under violation of Federal Statute 42 USC 4012(a) et seq.

## STATEMENT OF VENUE

The venue is founded on 28 USC 1391 (a) (2) (3) et seq, " A judicial district in which a substantial part of the events occurred." The event took place in New Port Richey, Florida thus Middle District Court Tampa is proper venue.

## STANDING TO SUE

Plaintiff avers the defendant (Bank of America et al,) has illegally and in violation of requirements in US Code 42 section 4012 (a) (b) (2) by US Mail fraudulently forced the taking of my personal funds and imposed a requirement

not a requirement in the National Flood Insurance Act of 1986, 42 USC 4001 et seq.

## COMPLAINT OF THE CASE

### Count I

PLAINTIFF, avers the defendants, (Bank of America Inc. shall be referenced as defendants throughout this claim), have taken from him money, and forced him to increase his Flood Insurance nearly three times the amount required to cover the outstanding balance of his loan.

### Count II

Defendants remain in violation of the National Flood regulations despite repeated efforts to have defendants correct this Rico violation by operating through the US Mail and the defendants have by fraudulent means absconded with my funds. The law states, ( 42 USC 4012 (a) section 522 PL 103-325, " Whichever is less," is the amount I need to carry for insurance.

### Count III

Plaintiff claims that defendants have taken monies from him and took the money through US Mail. The defendants remain in violation of the National Flood Insurance Act, which has no other requirement, but the Plaintiff at a minimum carry the amount of the outstanding loan or maximum available.

## Count VI

Plaintiff avers the defendants arbitrarily imposed a requirement not in accord with 42 USC 4012 (a) et seq., amounting to a violation of Federal Code. Defendants violate Federal Statute by requiring Plaintiff to carry more then the law requires.

## Count V

Plaintiff further states defendants are recalcitrant in correcting the above-cited claims. The court can grant injunctive relief based on defendants' violations of RICO (Fraud by US Mail) and based on Federal Statute being in violation of the National Flood Act. Statute. Plaintiff request the Honorable Court require the Bank of America to pay back all funds illegally taken from Plaintiff's account.

## ARGUMENT IN SUPPORT OF CLAIM

Plaintiff avers the defendants are in violation of Federal Code by violating the letter of the law and the spirit of intent by Congress when making the National Flood Insurance law. The law is clear and unambiguous and the meaning is clear and cited below in its pertinent parts.

**Subtitle B—Compliance and Increased Participation**  Loans

Property.
**SEC. 521. NONWAIVER OF FLOOD PURCHASE REQUIREMENT FOR RECIPIENTS OF FEDERAL DISASTER ASSISTANCE.**

4

Section 311(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5154(b)) is amended by adding at the end the following new sentence: "The requirements of this subsection may not be waived under section 301.".

### SEC. 522. EXPANDED FLOOD INSURANCE PURCHASE REQUIRE-MENTS.

(a) IN GENERAL.-- Section 102(b) of the Flood Disaster Protection Act of 1973 (42 U.S.C. 4012a(b) is amended to read as follows: "(b) REQUIREMENT FOR MORTGAGE LOANS.--

"(1) REGULATED LENDING INSTITUTIONS. Each Federal entity for lending regulation (after consultation and coordination with the Financial Institutions Examination Council established under the Federal Financial Institutions Examination Council Act of 1974) shall by regulation direct regulated lending institutions not to make, increase, extend, or renew any loan secured by improved real estate or a mobile home located or to be located in an area that has been identified by the Director as an area having special flood hazards and in which flood insurance has been made available under the National Flood Insurance Act of 1968, unless the building or mobile home and any personal property securing such loan is {"**covered for the term of the loan by flood insurance in an amount at least** equal **to the outstanding principal balance of the loan or the maximum**

**limit of coverage made available under the Act with respect to the particular type of property, whichever is less."}**

Plaintiff avers he has met the minimum amount of coverage under the law. Further the Plaintiff carried ninety-seven thousand dollars in flood coverage, which is forty thousand more than what is required. Pointed out here there are no provisions in this law that allow any lending institution to arbitrarily force placing a policy when the minimum amount of coverage has been met.

Wherefore the Plaintiff requests the Court grant relief from the illegal taking of Plaintiff's funds. And that the court order the Bank of America repay monies illegally taken and place the Plaintiff in the same condition he was prior to this RICO violation, Federal Statute violation, and fraud.

Respectfully submitted

*/s/ James L. Wright*
James L. Wright, Attorney Pro Se
7103 Daggett Terrace
New Port Richey, Fl 34655
Tel (727) 807-3624
E-mail jwright232@tampabay.rr.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the forgoing was furnished this  26th  day of  April  month, 2010 by US Mail or US Marshals office to the below listed Defendants.

The Bank of America, Inc.
Charity Karakas
HL&L Regulatory Relations
100 North Tryon Street
Charlotte, NC 28255-0001

Brian T. Moynihan
CEO/President B of A
100 North Tryon Street
Charlotte, NC 28255-0001

Bank of America Inc.
Paul Dresselhaus President B of A
101 Kennedy Blvd.
Tampa, Florida 33606

Ed O'Keefe, General Council
100 North Tryon Street
Charlotte, NC 28255-0001

Respectfully

*James L. Wright* (signature)
James L. Wright
7103 Daggett Terrace
New Port Richey, Florida 34655
Tel (727) 807-3624
E-mail Jwright232@tampabay.rr.com

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this brief complies with the type and volume limitations set fourth in FRCP; the brief contains 1,200 words.

## AFFIDAVIT IN SUPPORT OF COMPLAINT

<u>James L. Wright</u>

STATE OF FLORIDA
COUNTY OF PASCO

THE FOREGOING, Instrument was acknowledged before me on this day 22, April, and month 2010. James L. Wright, who is personally known to me and who being first sworn an deposes and says that the attached (Complaint) and cause of action is true and he has read the foregoing (Complaint) in support of this cause of action; for James L. Wright. That the cause of action is for violation of Federal Statute 42 USC 4012 et seq, fraud, and Rico violations, and are true and correct to the best of his knowledge and belief as of this day 22, and April month, 2010.

SWORN TO AND Subscribed BEFORE ME THIS 22 DAY AND MONTH OF April, 2010.

James L Wright

ANA STEEN
MY COMMISSION # DD881429
EXPIRES: May 13, 2013
Fl. Notary Discount Assoc. Co.

Ana Steen
Notary Public

SEAL_____

9